Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
3638 American River Drive
Sacramento, California 95864
Telephone:    (916) 978-3434
Facsimile:    (916) 978-3430
mjaime@mathenysears.com

Attorneys for Defendant, WINNEBAGO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ALFRED SIMS,<br><br>  Plaintiff,<br><br>v.<br><br>WINNEBAGO INDUSTRIES, INC.; and DOES 1 to 10, inclusive,<br><br>  Defendant. | Case No. 2:23-cv-00686-JAM-JDP<br><br>**STIPULATION AND ORDER FOR PHYSICAL EXAMINATION OF PLAINTIFF ALFRED SIMS**<br><br>Complaint filed: March 1, 2023<br>Trial date: August 4, 2025<br><br>Judge:  Hon. John A. Mendez<br>Ctrm:    6 |

Plaintiff ALFRED SIMS ("Plaintiff") and Defendant WINNEBAGO INDUSTRIES, INC. ("Defendant") agree and stipulate that Plaintiff shall submit to a physical examination pursuant to Federal Rules of Civil Procedure, Rule 35:

1. A controversy exists regarding the physical condition of Plaintiff and good cause exists for a physical examination of Plaintiff.

2. The examination will be conducted for the purpose of determining the nature and extent of Plaintiff's physical injuries.

3. The scope of the examination will be the physical injuries at issue in litigation, including, but not limited to, Plaintiff's left ankle.

1

*STIPULATION AND ORDER FOR PHYSICAL EXAMINATION OF PLAINTIFF ALFRED SIMS*

4. Plaintiff will not submit to any painful, protracted, or intrusive studies or tests and specifically refuses to submit to any additional x-rays, EEG, EMG, blood tests, urinalysis, or photographs, nor will Plaintiff disrobe for the examination.

5. Plaintiff will not discuss how the accident, which gives rise to this litigation, occurred, other than to describe it in general terms. If the examiner requires further information as to the mechanics of the accident, defendants' counsel can provide a copy of the incident accident or a transcript of plaintiff's deposition to the doctor.

6. Plaintiff will answer any reasonable relevant medical history questions posed by the examiner. Plaintiff will not provide a written medical history. Should such a written medical history be required, defendant's counsel may provide either copies of plaintiff's deposition and/or medical records.

7. Other than questions seeking reasonable and relevant medical history, all other medical history questions will not be answered. A lifetime medical history is not authorized. Plaintiff will answer all questions relating to the injuries sustained in the accident at issue in this lawsuit, but reserves Plaintiff's right to privacy as to unrelated medical issues and history. See *Britt v. Superior Court* (1978) 20 Cal.3d 844.

8. Plaintiff may not be compelled to create any items of documentary evidence and will not fill out any charts, new patient records, forms, or histories that may be requested or provided by the defense medical examiner. To do so would violate plaintiff's right not to create items of demonstrative evidence for defendant's use.

9. Plaintiff will not assume financial responsibility for any of the medical billings arising as a result of this defense medical examination nor will plaintiff execute an assignment of benefits form.

10. The physical examination will be conducted by Patrick J. McGahan, MD, a licensed physician with a specialty in Orthopedic Surgery, an independent medical exam physician retained by Defendant. Attached to this stipulation as **Exhibit A** is a true and correct copy of Dr. McGahan's Curriculum Vitae setting forth his qualifications and background.

///

11. The date and time for the physical examination will be **September 26, 2024,** at **8:00 a.m.**

12. The location for the examination is: **450 Sutter Street, Ste. 400, San Francisco, California**.

13. Dr. McGahan's contact information is: Advanced Orthopedics & Sports Medicine, 450 Sutter Street, Suite 400, San Francisco, CA 94108 (415) 900-3000.

14. It is further stipulated that Defendant will be responsible for the fees associated with this examination.

15. However, Plaintiff agrees to reasonably comply with Dr. McGahan's cancellation policy and must advise Defendant if he is unable to attend the examination at least two (2) business days before the examination.

Dated: September 4, 2024         **MATHENY SEARS LINKERT & JAIME LLP**

By: */s/ Matthew C. Jaime*
MATTHEW C. JAIME,
Attorneys for Defendant WINNEBAGO INDUSTRIES, INC.

Dated: September 4, 2024         **CASPER MEADOWS SCHWARTZ & COOK**

By: */s/ Adam Carlson*
ADAM CARLSON,
Attorneys for Plaintiff ALFRED SIMS

/ / /

/ /

/ / /

/ / /

/ / /

/ / /

/ / /

# **ORDER**

Pursuant to Plaintiff and Defendant's STIPULATION RE: PHYSICAL EXAMINATION OF PLAINTIFF ALFRED SIMS and for good cause shown, the above STIPULATION AND ORDER FOR PHYSICAL EXAMINATION OF PLAINTIFF ALFRED SIMS is accepted, adopted, and made the Order of the Court.

IT IS SO ORDERED.

Dated:    September 10, 2024

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE